Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Brieanne Scully (BS 3711)
bscully@ipcounselors.com
Danielle S. Yamali (DY 4228)
dfutterman@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:    (212) 292-5390
Facsimile:    (212) 292-5391
*Attorneys for Plaintiffs*
*Spin Master Ltd. and Spin Master, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPIN MASTER LTD. and SPIN MASTER, INC., <br><br> *Plaintiffs* <br><br> v. <br><br> 3CN8518, 4YOURSELF, ANBA-5562, BESTBEEDEALS, BESTOFWORLD2010, BIGHOME77, CHARUKA132, CHINASHOPPING.CENTER, COOLBUYING-GROUP, D.ONLINESTORE, EMILY154, FAITHCHINA, GREATANDSUPERDEALS, JERBE_99, KENT_CT, MAGIC-PRODUCT1, MMSHOPMM, MY_KADO, NORTHERNCOMM_33, SAVINGURBUY, TECHMIKE_300, TRENDNCELEBSTORE, YAESHOP, YDSHIPPING and ZOHO5480, <br><br> *Defendants* | CIVIL ACTION No. ____ <br><br><br> **COMPLAINT** <br><br> **Jury Trial Requested** <br><br> **FILED UNDER SEAL** |

## GLOSSARY

| Term | Definition |
|---|---|
| Plaintiffs or Spin Master | Spin Master Ltd. and Spin Master, Inc. |
| Defendants | 3cn8518, 4yourself, anba-5562, bestbeedeals, bestofworld2010, bighome77, charuka132, chinashopping.center, coolbuying-group, d.onlinestore, emily154, faithchina, greatandsuperdeals, jerbe_99, kent_ct, magic-product1, mmshopmm, my_kado, northerncomm_33, savingurbuy, techmike_300, trendncelebstore, yaeshop, ydshipping and zoho5480 |
| eBay | eBay.com, a San Jose, California-based online marketplace and e-commerce platform owned by eBay Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale and/or sell in what it characterizes as either auction-style or fixed-price formats and ship their retail products, which, upon information and belief, originate from China, among other locations, directly to consumers worldwide and specifically to consumers residing in the U.S., including in New York |
| Epstein Drangel | Epstein Drangel LLP, counsel for Plaintiffs |
| New York Address | 244 Madison Ave, No. 411, New York, New York 10016 |
| Complaint | Plaintiffs' Complaint filed on August 14, 2020 |
| Application | Plaintiffs' *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on August 14, 2020 |
| Harrs Dec. | Declaration of Christopher Harrs in Support of Plaintiffs' Application |
| Yamali Dec. | Declaration of Danielle S. Yamali in Support of Plaintiffs' Application |
| Flutterbye Works | U.S. Copyright Registration Nos: VA 1-899-358 covering the Flutterbye packaging artwork, VA 1-861-460 covering the Flutterbye Flying toy figurine, VA 1-901-312 covering the Flutterbye Flower Fairy toy, 1-913-178 covering the Flutterbye Ocean Fairy toy, VA 1-912-815 covering the Flutterbye Sunbeam Fairy toy, |

| | |
|---|---|
| | VA 1-900-805 covering the Flutterbye Stardust Fairy toy and VA 1-899-356 covering the Flutterbye Fairy instruction manual |
| **Flutterbye Products** | Hand-held winged toys that are designed to look like fairies.  They are motor-controlled and float above users' palms using electrostatic levitation, and each Flutterbye Fairy includes a decorative base |
| **Infringing Products** | Products bearing or used in connection with the Flutterbye Works, and/or products in packaging and/or containing labels and/or hang tags bearing the Flutterbye Works, and/or bearing or used in connection artwork that is substantially similar to the Flutterbye Works and/or products that are identical or substantially similar to the Flutterbye Products |
| **Infringing Listings** | Defendants' listings for Infringing Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as eBay, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Infringing Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |

Plaintiff Spin Master Ltd., a limited liability company organized in Canada, and Plaintiff Spin Master, Inc., a Delaware corporation and Plaintiff Spin Master Ltd.'s wholly-owned subsidiary and exclusive U.S. licensee, by and through its undersigned counsel, alleges as follows:[1]

## <u>NATURE OF THE ACTION</u>

1.     This action involves claims for copyright infringement of Plaintiffs' federally registered copyrights in violation of the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq*. arising from the Defendants' infringement of the Flutterbye Works, including, without limitation, the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling unlicensed and infringing versions of Plaintiffs' Flutterbye Products.

## <u>JURISDICTION AND VENUE</u>

2.     This Court has federal subject matter jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as well as pursuant to 15 U.S.C. § 1121 as an action arising out of violations of the Copyright Act, 17 U.S.C. §§ 101 *et seq*. and pursuant to 28 U.S.C. § 1332, as there is diversity between the parties and the matter in controversy exceeds, exclusive of interests and costs, the sum of seventy-five thousand dollars.

3.     Personal jurisdiction exists over Defendants in this judicial district pursuant to N.Y.C.P.L.R. § 302(a)(1)[2], because, upon information and belief, Defendants regularly conduct, transact and/or solicit business in New York, and/or derive substantial revenue from

---

[1] Where a defined term is referenced herein but not defined, it should be understood as it is defined in Glossary.

[2] In the alternative, to the extent the court determines Defendants are not subject to jurisdiction under § 302(a)(1), Defendants are subject to jurisdiction pursuant to Fed. R. Civ. P. 4(k)(2).

their business transactions in New York and/or otherwise avail themselves of the privileges and protections of the laws of the State of New York such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process, for example:

 a. Upon information and belief, Defendants were and/or are systematically directing and/or targeting their business activities at consumers in the U.S., including New York, through User Accounts with online marketplace platforms such as eBay, as well as any and all as yet undiscovered User Accounts on other online marketplace platforms, through which consumers in the U.S., including New York, can view the one or more Merchant Storefronts that each Defendant operates, uses to communicate with Defendants regarding their listings for Infringing Products and to place orders for, receive invoices for and purchase Infringing Products for delivery in the U.S., including New York, as a means for establishing regular business with the U.S., including New York.

 b. Upon information and belief, Defendants are sophisticated sellers, each operating one or more commercial businesses through their respective User Accounts, using their Merchant Storefronts to manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in products, including the Infringing Products at significantly below-market prices to consumers worldwide, including to consumers in the U.S., and specifically in New York.

c.   Upon information and belief, all Defendants accept payment in U.S. Dollars and offer shipping to the U.S., including to New York and specifically to the New York Address.

d.   Upon information and belief, Defendants have transacted business with consumers located in the U.S., including New York, for the sale and shipment of Infringing Products.

e.   Upon information and belief, Defendants are aware of Plaintiffs, its Flutterbye Products and Flutterbye Works

4.      Venue is proper, *inter alia*, pursuant to 28 U.S.C. § 1391 because, upon information and belief, Defendants conduct, transact and/or solicit business in New York.

## THE PARTIES

5.      Plaintiff Spin Master Ltd. is a Canadian corporation with a principal place of business at 121 Bloor St. East, Toronto, ON, M4W 1A9, Canada.

6.      Plaintiff Spin Master, Inc. is a Delaware corporation with a registered office at 300 International Drive, Suite 100, Williamsville, New York 14421, and principal place of business at 5880 W. Jefferson Blvd., Suite A, Los Angeles, California 90016.

7.      Upon information and belief, Defendants are merchants on the on the eBay online marketplace platform, through which Defendants offer for sale and/or sell Counterfeit Products, with a principal place of business at the addresses identified, if any, in the printouts of screenshots of Defendants' Merchant Storefronts in **Exhibit C**.

## GENERAL ALLEGATIONS

### Plaintiffs and Their Well-Known Flutterbye Products

8.    Plaintiffs are part of a large, multinational toy and entertainment company started in 1994 that designs and sells innovative children's lifestyle products and toys under their own well-known brands, including Twisty Petz®, Flutterbye Fairy®, Bunchems® and Hatchimals®, as well as under their licensed properties, such as Paw Patrol® and Air Hogs®.

9.    Plaintiffs sell their Spin Master Products throughout the U.S. and the world through major retailers, quality toy stores, department stores and online marketplaces, including, but not limited to, Walmart, Target, Kohl's, and Amazon.com, among others.

10.    In addition, Plaintiffs sell their Spin Master Products directly through Plaintiffs' website, available at www.shop.spinmaster.com, as well as through websites dedicated to the individual Spin Master Products.

11.    One of Plaintiffs' most successful products is its Flutterbye Products, which are hand-held, winged toys that are designed to look like fairies.  The Flutterbye Products are motor-controlled and float above users' palms using electrostatic levitation.  Additionally, each of the Flutterbye Products includes a decorative base.  Images of examples of Spin Master's Flutterbye Products are attached hereto as **Exhibit A** and incorporated herein by reference.

12.    The Flutterbye Products retail from $25.00 to $50.00.

13.    The Flutterbye Products have achieved great success and immense popularity since their introduction in 2013.

14.    Plaintiffs are the exclusive owners of all intellectual property rights in and related to the Flutterbye Products, including both registered and unregistered copyrights.

15.   Plaintiffs have protected their valuable rights by filing and obtaining U.S. copyright registrations in and relating to the Flutterbye Products.  For example, Plaintiffs are the owners of the following U.S. Copyright Registration Numbers:

a. VA 1-899-358, covering the Flutterbye Fairy Product packaging artwork, as depicted below:



b.   VA 1-861-460, covering the Flutterbye Flying Toy Figurine, as depicted below:



c.   VA 1-901-312, covering the Flutterbye Flower Fairy Toy, as depicted below:



d. VA 1-913-178, covering the Flutterbye Ocean Fairy Toy, as depicted below:



e. VA 1-912-815, covering the Flutterbye Sunbeam Fairy Toy, as depicted below:



f. VA 1-900-805, covering the Flutterbye Stardust Fairy Toy, as depicted below:



g.  VA 1-899-356, covering the Flutterbye Fairy Product Instructional Manual, as

depicted, in part, below:



7

True and correct copies of the registration certificates for the foregoing Flutterbye Works are attached hereto as **Exhibit B** and incorporated herein by reference.

16.    The success of the Flutterbye Products is due in large part to Plaintiffs' marketing, promotional and distribution efforts.  These efforts include, but are not limited to, the advertising and promotion of the Flutterbye Products through Plaintiffs' website, nationwide television advertising campaigns, print and internet-based advertising and publicity, placement of the Flutterbye Products at dozens of authorized major retail outlets, both domestically and abroad, as well as Plaintiffs' participation in trade shows.

17.    Plaintiffs' success is also due to their use of the highest quality materials and processes in making the Flutterbye Products.

18.    Plaintiffs have gone to great lengths to protect their interests to the Flutterbye Products and Flutterbye Works.  No one other than Plaintiffs are authorized to use, manufacture, reproduce, copy, display, prepare derivative works of, distribute, sell, transfer, rent, perform and/or market Plaintiffs' Flutterbye Products and/or Flutterbye Works without the express written permission of Plaintiffs.

### eBay and Defendants' User Accounts

19.    eBay is an online marketplace and e-commerce platform that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products originating primarily from China, among other locations, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York.

20.    A significant number of third-party merchants that have User Accounts with and operate Merchant Storefronts on eBay, like Defendants, are located in China.[3]  Of the top third-

---

[3] *See id*

party merchants selling on eBay, 85% are based in China or Hong Kong.[4]  Currently, eBay

claims that it has a base of 25 million third-party merchants and 168 million active buyers.[5]

Over the past 21 years, eBay has become one of the most popular e-commerce platforms in the

world, currently placing it as the sixth most popular website in the U.S.[6]  At any given time,

eBay contains some 100 million listings and more than 6 million new listings are posted on it

daily.[7]

    21.  eBay aggressively uses the Internet, including Facebook, Tumblr, Twitter and

Instagram, to market itself and the products offered for sale and/or sold by its third-party

merchant users to potential customers, particularly those in the U.S.[8]  For example, 10% of the

traffic eBay sends from its Facebook page to eBay.com converts into bids and/or purchases.

    22.  As recently addressed in news reports[9] as well as reflected in the federal lawsuits

filed against third-party merchants offering for sale and selling infringing and/or counterfeit

products on eBay,[10] an astronomical number of counterfeit and infringing products are offered

for sale and sold on eBay at a rampant rate.[11]  For example, a consumer watchdog organization

found that eBay[12] accounts for 61% of the 25 million counterfeit products that the organization

---

[4] *See id.*

[5] *See* Michael Guta, *There are 168 Million Active Buyers on eBay Right Now (INFOGRAPHIC),* SMALL BUSINESS TRENDS (Mar. 23, 2018), https://smallbiztrends.com/2018/03/ebay-statistics-march-2018.html.

[6] *See id.*

[7] *See Tiffany (NJ) Inc. v. eBay Inc.*, 600 F.3d 93 (2d Cir. 2010).

[8] *See* Christopher Ratcliff, *How eBay uses social media: Tumblr, Twitter and Instagram*, ECONSULTANCY (Jan. 22, 2015), https://econsultancy.com/blog/66000-how-ebay-uses-social-media-tumblr-twitter-and-instagram.

[9] *See 10 WAYS IN WHICH EBAY IS DRIVING SALES THROUGH SOCIAL MEDIA*, INTERNET OF THINGS EVENTS,
https://www.iotevents.org/10-ways-in-which-ebay-is-driving-sales-through-social-media/.

[10] *See* Andi Sykes, *Specialized Wages Ware on Counterfeiters* (Dec. 9, 2016), http://singletrackworld.com/2016/12/specialized-wages-war-on-counterfeiters/.

[11] *See, e.g., Cartier Int'l A.G. v. Replicapaneraiwatches*, 2018 U.S. Dist. LEXIS 8190, Case No. 17-62401-CIV-MOORE/SNOW (S.D. Fla. Jan. 17, 2018); *Gucci Am., Inc. v. BerryArt*, 2016 U.S. Dist. LEXIS 190557, Case No. 16-60771-CIV-WILLIAMS (S.D. Fla. May 12, 2016) and *Michael Kors L.L.C. v. Alwaysmylove*, 2016 U.S. Dist. LEXIS 190599, Case No. 16-CIV-60011-DIMITROULEAS/SNOW (S.D. Fla. Feb. 3, 2016).

[12] *See* Christina Warren, *Ebay Is Finally Doing Something About Counterfeit Goods,* GIZMODO (Jan. 12, 2017), https://gizmodo.com/ebay-is-finally-doing-something-about-counterfeit-goods-1791138822; *see also* United States

has removed from various e-commerce platforms, including Amazon, Alibaba/AliExpress and Walmart.[13]    eBay spends approximately $5 million per year to attempt to alleviate its counterfeiting issues.[14]

23.    Defendants are individuals and/or businesses, who, upon information and belief, are located in China but conduct business in the U.S. and other countries by means of their User Accounts and on their Merchant Storefronts on eBay as well as potentially yet undiscovered additional online marketplace platforms.

24.    Through their Merchant Storefronts, Defendants offer for sale and/or sell consumer products, including Infringing Products, and target and ship such products to customers located in the U.S., including New York, and throughout the world.

25.    Defendants' Merchant Storefronts share unique identifiers, such as design elements along with similarities in price, description of the goods offered and of the Infringing Products themselves offered for sale.

26.    Defendants are in constant communication with each other and regularly participate in online chatroom discussions involving illegal infringing activities, pending litigation and potential new lawsuits.

---

Government Accountability Office, Report to the Chairman, Committee on Finance, U.S. Senate, Intellectual Property: Agencies Can Improve Efforts to Address Risks Posed by Changing Counterfeits Market (2018) and *eBay, Amazon Cracking Down on Counterfeit Goods Sold on their Sites*, WSB Radio (Mar. 5, 2018), https://www.wsbradio.com/video/local-video/ebay-amazon-cracking-down-counterfeit-goods-sold-their-sites/wSlkAYC27NEnMp61rRpKaJ/ (discussing an undercover study by the United States Government Accountability Office which found that nearly half of the products bought from third party sellers on Amazon and eBay were fake).

[13] *See* Ben Unglesbee, *Can Amazon and its marketplace rivals fix their counterfeits problem?*, RETAIL DIVE (April 9, 2018),https://www.retaildive.com/news/can-amazon-and-its-marketplace-rivals-fix-their-counterfeits-problem/520301/; *see also* THE COUNTERFEIT REPORT, https://www.thecounterfeitreport.com/.

[14] *See* Declan McCullagh, *eBay wins counterfeit-sales suit filed by Tiffany*, CNET (July 15, 2008), https://www.cnet.com/news/ebay-wins-counterfeit-sales-suit-filed-by-tiffany.

## Defendants' Wrongful and Infringing Conduct

27.    Particularly in light of Plaintiffs' success with their Flutterbye Products and Flutterbye Works, as well as the reputation they have gained, Plaintiffs and their Flutterbye Products and Flutterbye Works have become targets for unscrupulous individuals and entities who wish to exploit the Flutterbye Products and Flutterbye Works and Plaintiffs investigate and enforce against such activities.

28.    Through Plaintiffs' counsel's investigative and enforcement efforts, Plaintiffs learned of Defendants' actions which vary and include, but are not limited to: reproducing, copying, preparing derivative works of, publicly displaying and/or distributing, transferring and/or selling copies of Plaintiffs' Flutterbye Works, and/or manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling products bearing or used in connection with Plaintiffs' Flutterbye Works, and/or products in packaging and/or containing labels and/or hang tags bearing Plaintiffs' Flutterbye Works, and/or bearing or used in connection with artwork that is substantially similar to the Flutterbye Works to U.S. consumers, including those located in the state of New York, through Defendants' User Accounts and Merchant Storefronts.  Printouts of Infringing Listings from Defendants' User Accounts and Merchant Storefronts are included in **Exhibit C** attached hereto and incorporated herein by reference.

29.    Defendants are not, and have never been, authorized by Plaintiffs or any of their authorized agents, authorized licensees or authorized distributors to reproduce, copy, prepare derivative works of, publicly display and/or distribute, transfer and/or sell copies of Plaintiffs' Flutterbye Works, and/or copy, manufacture, import, export, advertise, market, promote, distribute, display, offer for sale and/or sell Flutterbye Products and/or products bearing or used in connection with Plaintiffs' Flutterbye Works, and/or products in packaging and/or containing

labels and/or hang tags bearing Plaintiffs' Flutterbye Works, and/or bearing or used in connection with artwork that is substantially similar to the Flutterbye Works.

30.     Defendants' Infringing Products are nearly indistinguishable from Plaintiffs' Flutterbye Products and/or bear or are sold in connection with copies of Plaintiffs' Flutterbye Works that are nearly indistinguishable from Plaintiffs' Flutterbye Works, with only minor variations that no ordinary consumer would recognize.

31.     During its investigation, Epstein Drangel identified Defendants as offering for sale and/or selling Infringing Products and specified a shipping address located at the New York Address and verified that each Defendant provides shipping to the New York Address. Printouts of the checkout pages for the Infringing Products and pages from Defendants' Merchant Storefronts reflecting that the Defendants ship the Infringing Products to the New York Address are included in **Exhibit C**.

32.     Epstein Drangel confirmed that each Defendant was and/or is still currently offering for sale and/or selling Infringing Products through their respective User Accounts and/or Merchant Storefronts, accepting payment for such Infringing Products in U.S. Dollars through various payment processing services and that each Defendant provides shipping and/or has actually shipped Infringing Products to the U.S., including to customers located in New York. Epstein Drangel's findings are supported by Defendants' listings for Infringing Products and/or the checkout pages for the Infringing Products, which are included in **Exhibit C**.

33.     For example, below on the left is an image of one of Plaintiffs' Flutterbye Products which typically retails from $25.00 - $50.00.   Depicted below on the right is the listing for Defendant 3cn8518's Infringing Product ("3cn8518 Infringing Listing" and "3cn8518 Infringing Product," respectively).   The 3cn8518 Infringing Listing appears on Defendant

3cn8518's Merchant Storefront, https://www.ebay.com/usr/3cn8518, and offers the 3cn8518 Infringing Product for $5.13, using, reproducing, copying and/or displaying one or more of the Flutterbye Works, and/or substantially similar works in the product images. Further, the 3cn8518 Infringing Product is virtually identical to one of Plaintiffs' Flutterbye Products and uses, reproduces, copies and/or displays one or more of the Flutterbye Works. There is no question that the 3cn8518 Infringing Product is designed to confuse and mislead consumers into believing that they are purchasing one of Plaintiffs' Flutterbye Products or that the 3cn8518 Infringing Product is otherwise approved by or sourced from Plaintiffs, thereby engaging in the unauthorized use of one or more of the Flutterbye Works:

| **Flutterbye Product** | **Defendant's Infringing Product** |
|:---:|:---:|
|  |  |

34.    As another example, below on the left is an image of one of Plaintiffs' Flutterbye Products which typically retails from $25.00 - $50.00. Depicted below on the right is the listing for Defendant coolbuying-group's Infringing Product ("coolbuying-group Infringing Listing" and "coolbuying-group Infringing Product," respectively). The coolbuying-group Infringing Listing appears on Defendant coolbuying-group's Merchant Storefront, https://www.ebay.com/usr/coolbuying-group, and offers the coolbuying-group Infringing

Product for $19.99, using, reproducing, copying and/or displaying one or more of the Flutterbye Works, and/or substantially similar works in the product images. Further, the coolbuying-group Infringing Product is virtually identical to one of Plaintiffs' Flutterbye Products and uses, reproduces, copies and/or displays one or more of the Flutterbye Works. There is no question that the coolbuying-group Infringing Product is designed to confuse and mislead consumers into believing that they are purchasing one of Plaintiffs' Flutterbye Products or that the coolbuying-group Infringing Product is otherwise approved by or sourced from Plaintiffs, thereby engaging in the unauthorized use of one or more of the Flutterbye Works:

| **Flutterbye Product** | **Defendant's Infringing Product** |
|---|---|

 

35. By way of another example, below on the left is an image of one of Plaintiffs' Flutterbye Products which typically retails from $25.00 - $50.00. Depicted below on the right is the listing for Defendant jerbe_99's Infringing Product ("jerbe_99 Infringing Listing" and "jerbe_99 Infringing Product," respectively). The jerbe_99 Infringing Listing appears on Defendant jerbe_99's Merchant Storefront, https://www.ebay.com/usr/jerbe_99, and offers the jerbe_99 Infringing Product for $19.83, using, reproducing, copying and/or displaying one or more of the Flutterbye Works, and/or substantially similar works in the product images. Further,

the jerbe_99 Infringing Product is virtually identical to one of Plaintiffs' Flutterbye Products and uses, reproduces, copies and/or displays one or more of the Flutterbye Works. There is no question that the jerbe_99 Infringing Product is designed to confuse and mislead consumers into believing that they are purchasing one of Plaintiffs' Flutterbye Products or that the jerbe_99 Infringing Product is otherwise approved by or sourced from Plaintiffs, thereby engaging in the unauthorized use of one or more of the Flutterbye Works:

**<u>Flutterbye Product</u>**     **<u>Defendant's Infringing Product</u>**

36. By these dealings in Infringing Products (including, without limitation, copying, manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling Infringing Products), Defendants violated Plaintiffs' exclusive rights in the Flutterbye Works, and have used images that are substantially similar to, identical to and/or constitute infringement of the Flutterbye Works in order to confuse consumers into believing that such Infringing Products are Flutterbye Products and aid in the promotion and sales of their Infringing Products. Defendants' conduct began long after Plaintiffs' adoption and use of the Flutterbye Works, after Plaintiffs obtained the Copyright registrations in the Flutterbye Works, as alleged above, and after Plaintiffs' Flutterbye Products, Flutterbye Works became well-known to the purchasing public.

37.     Prior to and contemporaneous with their infringing actions alleged herein, Defendants had knowledge of Plaintiffs' ownership of the Flutterbye Works, and of the popularity and success of the Flutterbye Products, and in bad faith copied the Flutterbye Works.

38.     By its dealings in Infringing Products (including, without limitation, copying, manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling Infringing Products), Defendants have violated Plaintiffs' exclusive rights in, at a minimum, the Flutterbye Works, and has used artwork that is identical to, substantially similar to and/or constitutes infringement of the Flutterbye Works in order to aid in the promotion and sales of Defendants' Infringing Products.  Defendants' conduct began long after Plaintiffs' creation and use of the Flutterbye Works, after Plaintiffs obtained federal registrations in the Flutterbye Works, as alleged above, and after Plaintiffs' Flutterbye Works and Flutterbye Products became well-known to the purchasing public.

39.     Defendants have been engaging in the illegal and infringing actions, as alleged herein, knowingly and intentionally, or with reckless disregard or willful blindness to Plaintiffs' rights, or in bad faith, for the purpose of trading on the reputation of Plaintiff, the Flutterbye Works and Flutterbye Products.

40.     By engaging in these actions, Defendants have, among other things, willfully and in bad faith infringed the Flutterbye Works, thereby unjustly profiting from such activities at Plaintiffs' expense.

41.     Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiffs.

**CAUSE OF ACTION**
**(Federal Copyright Infringement)**
**[17 U.S.C. § 501(a)]**

42.     Plaintiffs replead and incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

43.     Plaintiffs are the exclusive owner of the Flutterbye Works.

44.     Defendants had actual notice of Plaintiffs' exclusive rights in and to the Flutterbye Works.

45.     Defendants did not attempt and therefore inherently failed to obtain Plaintiffs' consent or authorization to use, manufacture, reproduce, copy, display, prepare derivative works of, distribute, sell, transfer, rent, perform and/or market Plaintiffs' Flutterbye Products and/or Flutterbye Works.

46.     Without permission, Defendants knowingly and intentionally reproduced, copied, and displayed the Flutterbye Works by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling infringing products which bear such Flutterbye Works, or artwork that is, at a minimum, substantially similar to the Flutterbye Works.

47.     Defendants' unlawful and willful actions as alleged herein constitute infringement of the Flutterbye Works, including Plaintiffs' exclusive rights to reproduce, distribute and/or sell such Flutterbye Works in violation of 17 U.S.C. § 501(a).

48.     Defendants' knowing and intentional copyright infringement, as alleged herein, has caused substantial and irreparable harm to Plaintiffs in an amount as yet unknown but to be proven at trial, for which Plaintiffs have no adequate remedy at law, and unless enjoined, Defendants will continue to cause, substantial and irreparable harm to Plaintiffs.

49.     Based on Defendants' wrongful conduct, Plaintiffs are entitled to injunctive relief, Plaintiffs' actual damages and Defendants' profits in an amount to be proven at trial and enhanced discretionary damages for willful copyright infringement, and reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment against Defendants, inclusive, and each of them, as follows:

A.     For an award of Plaintiffs' actual damages and Defendants' profits, pursuant to 17 U.S.C. § 504(b), in an amount to be proven at trial for willful copyright infringement of the Flutterbye Works under 17 U.S.C. § 501(a);

B.     In the alternative to Plaintiffs' actual damages and Defendants' profits for copyright infringement of the Flutterbye Works pursuant to 17 U.S.C. § 504(b), for statutory damages of up to $150,000 per infringement pursuant to 17 U.S.C. § 504(c) for willful copyright infringement, which Plaintiffs may elect prior to the rendering of final judgment;

C.     For a preliminary and permanent injunction by this Court enjoining and prohibiting Defendants, or their agents, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns and entities owned or controlled by Defendants, and all those in active concert or participation with Defendants, and each of them who receives notice directly or otherwise of such injunction from:

    i.   manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Infringing Products;

    ii.   directly or indirectly infringing in any manner any of Plaintiffs' Flutterbye Works;

    iii.   using any reproduction, copy or colorable imitation of Plaintiffs' Flutterbye Works, to identify any goods or services not authorized by Plaintiffs;

    iv.   using any of Plaintiffs' Flutterbye Works, or any other works that are substantially similar to the Flutterbye Works, on or in connection with

18

Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Infringing Products;

v.  using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiffs, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities by Plaintiffs;

vi.  engaging in the unlawful, unfair or fraudulent business acts or practices, including, without limitation, the actions described herein, including the of advertising and/or dealing in any Infringing Products;

vii.  engaging in any other actions that constitute unfair competition with Plaintiffs;

viii.  engaging in any other act in derogation of Plaintiffs' rights;

ix.  from secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Infringing Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to Defendants' User Accounts or Merchant Storefronts, Defendants' Assets from or to Defendants' Financial Accounts and the

manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Infringing Products;

x.  from secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying any of Defendants' Assets from or Defendants' Financial Accounts until further ordered by this Court;

xi.  effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in any final judgment or order in this action;

xii.  providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts; and

xiii.  instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (xii) above; and

D.  For an order of the Court requiring that Defendants recall from any distributors and retailers and deliver up to Plaintiffs for destruction any and all Infringing Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of such distributors and retailers that infringe any of Plaintiffs' copyrights or other rights including, without limitation, the Flutterbye Works, or bear any works that are substantially similar to the Flutterbye Works;

E.  For an order from the Court requiring that Defendants provide complete accountings for any and all monies, profits, gains and advantages derived by Defendants

from their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, sale and/or otherwise dealing in the Infringing Products as described herein, including prejudgment interest;

F.      For an order from the Court that an asset freeze or constructive trust be imposed over any and all monies, profits, gains and advantages in Defendants' possession which rightfully belong to Plaintiffs;

G.      For an award of exemplary or punitive damages in an amount to be determined by the Court;

H.      For Plaintiffs' reasonable attorneys' fees;

I.      For all costs of suit; and

J.      For such other and further relief as the Court may deem just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiffs respectfully demand a trial by jury on all claims.

Dated: August 14, 2020                              Respectfully submitted,

EPSTEIN DRANGEL LLP

BY:     *Danielle Yamali*
              Danielle S. Yamali (DY 4228)
              dfutterman@ipcounselors.com
              Jason M. Drangel (JD 7204)
              jdrangel@ipcounselors.com
              Ashly E. Sands (AS 7715)
              asands@ipcounselors.com
              Brieanne Scully (BS 3711)
              bscully@ipcounselors.com
              60 East 42nd Street, Suite 2520
              New York, NY 10165
              Telephone:      (212) 292-5390
              Facsimile:      (212) 292-5391
              *Attorneys for Plaintiffs*
              *Spin Master Ltd. and Spin Master, Inc.*

# EXHIBIT A

## FLUTTERBYE FAIRY PRODUCTS



## **FLUTTERBYE FAIRY PRODUCTS**



**<u>FLUTTERBYE FAIRY PRODUCTS</u>**



## **FLUTTERBYE FAIRY PRODUCTS**



## **FLUTTERBYE FAIRY PRODUCTS**



# EXHIBIT B

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code,*
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## VA 1-899-358

**Effective date of
registration:**

March 24, 2014

## Title

**Title of Work:** PACKAGING - FLUTTERBYE FLOWER FAIRY

## Completion/Publication

**Year of Completion:** 2013

**Date of 1st Publication:** February 11, 2013     **Nation of 1st Publication:** United States

## Author

**Author:** Spin Master Inc.

**Author Created:** text, photograph(s), 2-D artwork

**Work made for hire:** Yes

**Domiciled in:** Canada

**Author:** Julie Lee

**Author Created:** text, photograph(s), 2-D artwork

**Work made for hire:** No

**Citizen of:** United States

## Copyright claimant

**Copyright Claimant:** Spin Master Ltd.

450 Front Street West, Toronto, M5V 1B6, Canada

**Transfer Statement:** By written agreement

## Rights and Permissions

**Organization Name:** Bischoff & Associates, Ltd.

**Name:** Christopher J. Bischoff

**Email:** chris@trademarksearch.com          **Telephone:** 847-491-9800

**Address:** 1650 Payne St.

Evanston, IL 60201  United States

## Certification

**Name:**   Christopher J. Bischoff

**Date:**   March 24, 2014

**Applicant's Tracking Number:**   SMT - FB



# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## VA 1-861-460

**Effective date of registration:**

March 12, 2013

---

## Title

**Title of Work:** Flying Toy Figurine - Fairy

## Completion/Publication

**Year of Completion:** 2012

**Date of 1st Publication:** February 11, 2013    **Nation of 1st Publication:** United States

## Author

■        **Author:** Spin Master Ltd.

**Author Created:** sculpture

**Work made for hire:** Yes

**Domiciled in:** Canada

## Copyright claimant

**Copyright Claimant:** Spin Master Ltd.

450 Front Street West, Toronto, M5V 1B6, Canada

## Rights and Permissions

**Organization Name:** Moffat & Co.

**Name:** Barry Hutsel

**Email:** barry.hutsel@moffatco.com        **Telephone:** 613-232-7302

**Address:** 1200-427 Laurier Avenue West

Ottawa, K1R 7Y2 Canada

## Certification

**Name:** Barry Hutsel

**Date:** March 12, 2013

**Applicant's Tracking Number:** 2719-3493

**Registration #:** VA0001861460
**Service Request #:** 1-897248792



Moffat & Co.
Barry Hutsel
427 Laurier Avenue West
Suite 1200
Ottawa, K1R 7Y2  Canada

4

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code,*
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## VA 1-901-312

**Effective date of
registration:**

April 8, 2014

## Title

**Title of Work:** FLOWER FAIRY TOY

## Completion/Publication

**Year of Completion:** 2012

**Date of 1st Publication:** February 11, 2013     **Nation of 1st Publication:** United States

## Author

■    **Author:** Spin Master Inc.

**Author Created:** 2-D artwork, sculpture

**Work made for hire:** Yes

**Citizen of:** United States                    **Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** Spin Master Ltd.

450 Front Street West, Toronto, Ontario, M5V 1B6, Canada

**Transfer Statement:** By written agreement

## Limitation of copyright claim

**Material excluded from this claim:** 2-D artwork, sculpture

**Previous registration and year:** VA1-861-460     2013

**New material included in claim:** 2-D artwork, sculpture, Differences between the referenced registered and
applied for derivative works includes 2D facial graphics/features; 2D hair
graphics/features; 2D skin, dress/clothing and shoe coloring; 3D neck
sculpture/features, 3D shoulder and arm sculpture/features; 3D cheekbone,
nose and eyes facial sculpture/features; 3D neck sculpture/features; 3D head
sculpture/features; 3D head sculpture/features; 3D hand sculpture/features;
3D legs and feet sculpture/features; and 3D skirt/clothing sculpture/features
such that the two fairies (registered /applied for derivative) each has a
separate, individual and distinctive look and overall expression whereby the
two toys would be considered distinctly different toys.

## Rights and Permissions

**Organization Name:** Bischoff & Associates, Ltd.

**Name:** Christopher J. Bischoff

**Email:** chris@trademarksearch.com          **Telephone:** 847-491-9800

**Address:** 1650 Payne Street

Evanston, IL 60201  United States

## Certification

**Name:** Christopher J. Bischoff

**Date:** April 15, 2014

**Correspondence:** Yes



**Registration #:**  VA0001901312
**Service Request #:**  1-1346167847



Bischoff & Associates, Ltd.
Christopher J. Bischoff
1650 Payne Street
Evanston, IL 60201  United States

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## VA 1-913-178

**Effective date of registration:**

May 9, 2014

---

## Title

**Title of Work:** OCEAN FAIRY TOY

## Completion/Publication

**Year of Completion:** 2012

**Date of 1st Publication:** September 29, 2013     **Nation of 1st Publication:** United States

## Author

▪     **Author:** Spin Master Inc.

**Author Created:** 2-D artwork, sculpture

**Work made for hire:** Yes

**Citizen of:** United States     **Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** Spin Master Ltd.

450 Front Street West, Toronto, Ontario, M5V 1B6, Canada

**Transfer Statement:** By written agreement

## Limitation of copyright claim

**Material excluded from this claim:** 2-D artwork, sculpture

**Previous registration and year:** VA 1-861-460     2013

VA 1-900-805     2014

**New material included in claim:** 2-D artwork, sculpture, Differences between the referenced registered and applied for derivative works includes 2D facial graphics/features; 2D hair graphics/features; 2D skin, dress/clothing and shoe coloring; 3D neck sculpture/features, 3D shoulder and arm sculpture/features; 3D cheekbone, nose and eyes facial sculpture/features; 3D neck sculpture/features; 3D head sculpture/features; 3D head sculpture/features; 3D hand sculpture/features; 3D legs and feet sculpture/features; and 3D skirt/clothing sculpture/features such that the two fairies (registered /applied for derivative) each has a separate, individual and distinctive look and overall expression whereby the two toys would be considered distinctly different toys.

## Rights and Permissions

**Organization Name:** Bischoff & Associates, Ltd.

**Name:** Christopher J. Bischoff

**Email:** chris@trademarksearch.com          **Telephone:** 847-491-9800

**Address:** 1650 Payne Street

Evanston, IL 60201  United States

## Certification

**Name:** Christopher J. Bischoff

**Date:** May 9, 2014

**Correspondence:** Yes



**Registration #:** VA0001913178
**Service Request #:** 1-1348569157



Bischoff & Associates, Ltd.
Christopher J. Bischoff
1650 Payne Street
Evanston, IL 60201  United States

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## VA 1-912-815

**Effective date of
registration:**

May 9, 2014

---

## Title

**Title of Work:** SUNBEAM FAIRY TOY

## Completion/Publication

**Year of Completion:** 2012

**Date of 1st Publication:** July 28, 2013    **Nation of 1st Publication:** United States

## Author

■    **Author:** Spin Master Inc.

**Author Created:** 2-D artwork, sculpture

**Work made for hire:** Yes

**Citizen of:** United States    **Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** Spin Master Ltd.

450 Front Street West, Toronto, Ontario, M5V 1B6, Canada

**Transfer Statement:** By written agreement

## Limitation of copyright claim

**Material excluded from this claim:** 2-D artwork, sculpture

**Previous registration and year:** VA1-861-460    2013

VA 1-901-312    2014

**New material included in claim:** 2-D artwork, sculpture, Differences between the referenced registered and
applied for derivative works includes 2D facial graphics/features; 2D hair
graphics/features; 2D skin, dress/clothing and shoe coloring; 3D neck
sculpture/features, 3D shoulder and arm sculpture/features; 3D cheekbone,
nose and eyes facial sculpture/features; 3D neck sculpture/features; 3D head
sculpture/features; 3D head sculpture/features; 3D hand sculpture/features;
3D legs and feet sculpture/features; and 3D skirt/clothing sculpture/features
such that the two fairies (registered /applied for derivative) each has a
separate, individual and distinctive look and overall expression whereby the
two toys would be considered distinctly different toys.

## Rights and Permissions

|  |  |  |  |
|---|---|---|---|
| **Organization Name:** | Bischoff & Associates, Ltd. | | |
| **Name:** | Christopher J. Bischoff | | |
| **Email:** | chris@trademarksearch.com | **Telephone:** | 847-491-9800 |
| **Address:** | 1650 Payne Street | | |
| | Evanston, IL 60201  United States | | |

## Certification

| | |
|---|---|
| **Name:** | Christopher J. Bischoff |
| **Date:** | May 9, 2014 |



**Registration #:** VA0001912815
**Service Request #:** 1-1348568462



Bischoff & Associates, Ltd.
Christopher J. Bischoff
1650 Payne Street
Evanston, IL 60201  United States

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## VA 1-900-805

**Effective date of
registration:**

April 8, 2014

## Title

**Title of Work:** STARDUST FAIRY TOY

## Completion/Publication

**Year of Completion:** 2012

**Date of 1st Publication:** February 11, 2013   **Nation of 1st Publication:** United States

## Author

■   **Author:** Spin Master Inc.

**Author Created:** 2-D artwork, sculpture

**Work made for hire:** Yes

**Citizen of:** United States   **Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** Spin Master Ltd.

450 Front Street West, Toronto, Ontario, M5V 1B6, Canada

**Transfer Statement:** By written agreement

## Rights and Permissions

**Organization Name:** Bischoff & Associates, Ltd.

**Name:** Christopher J. Bischoff

**Email:** chris@trademarksearch.com   **Telephone:** 847-491-9800

**Address:** 1650 Payne Street

Evanston, IL 60201  United States

## Certification

**Name:** Christopher J. Bischoff

**Date:** April 8, 2014

**Registration #:**  VA0001900805
**Service Request #:**  1-1346167541



Bischoff & Associates, Ltd.
Christopher J. Bischoff
1650 Payne Street
Evanston, IL 60201  United States

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## VA 1-899-356

**Effective date of registration:**

March 24, 2014

## Title

**Title of Work:** INSTRUCTIONAL MANUAL - FLUTTERBYE FAIRY

## Completion/Publication

**Year of Completion:** 2013

**Date of 1st Publication:** June 30, 2013     **Nation of 1st Publication:** United States

## Author

■     **Author:** Spin Master Inc.

**Author Created:** text, 2-D artwork, technical drawing

**Work made for hire:** Yes

**Domiciled in:** Canada

■     **Author:** Steinmeier Design Inc.

**Author Created:** text, 2-D artwork, technical drawing

**Work made for hire:** Yes

**Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** Spin Master Ltd.

450 Front West Street, Toronto, M5V 1B6, Canada

**Transfer Statement:** By written agreement

## Rights and Permissions

**Organization Name:** Bischoff & Associates, Ltd.

**Name:** CHRISTOPHER J. BISCHOFF

**Email:** chris@trademarksearch.com     **Telephone:** 847-491-9800

**Address:** 1650 Payne St.

Evanston, IL 60201  United States

## Certification

**Name:** Christopher J. Bischoff

**Date:** March 24, 2014

**Applicant's Tracking Number:** SMT - FB



**Registration #:** VA0001899356
**Service Request #:** 1-1311146761



Bischoff & Associates Ltd.
CHRISTOPHER J. BISCHOFF
1650 Payne St.
Evanston, IL 60201  United States