Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone:    (212) 292-5390
Facsimile:    (212) 292-5391
*Attorneys for Plaintiffs*
*Spin Master Ltd. and Spin Master, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPIN MASTER LTD. and SPIN MASTER, INC., <br><br>*Plaintiffs* <br><br> v. <br><br> 3CN8518, 4YOURSELF, ANBA-5562, BESTBEEDEALS, BESTOFWORLD2010, BIGHOME77, CHARUKA132, CHINASHOPPING.CENTER, COOLBUYING-GROUP, D.ONLINESTORE, EMILY154, FAITHCHINA, GREATANDSUPERDEALS, JERBE_99, KENT_CT, MAGIC-PRODUCT1, MMSHOPMM, MY_KADO, NORTHERNCOMM_33, SAVINGURBUY, TECHMIKE_300, TRENDNCELEBSTORE, YAESHOP, YDSHIPPING and ZOHO5480, <br><br>*Defendants* | **CIVIL ACTION No. 20-cv-6454 (PKC)** <br><br> [PROPOSED] **FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER** |

# GLOSSARY

| Term | Definition | Docket Entry Number |
|---|---|---|
| **Plaintiffs or Spin Master** | Spin Master Ltd. and Spin Master, Inc. | N/A |
| **Defendants** | 3cn8518, 4yourself, anba-5562, bestbeedeals, bestofworld2010, bighome77, charuka132, chinashopping.center, coolbuying-group, d.onlinestore, emily154, faithchina, greatandsuperdeals, jerbe_99, kent_ct, magic-product1, mmshopmm, my_kado, northerncomm_33, savingurbuy, techmike_300, trendncelebstore, yaeshop, ydshipping and zoho5480 | N/A |
| **Defaulting Defendants** | 3cn8518, 4yourself, anba-5562, bestbeedeals, bestofworld2010, bighome77, charuka132, chinashopping.center, coolbuying-group, d.onlinestore, emily154, faithchina, greatandsuperdeals, jerbe_99, kent_ct, mmshopmm, my_kado, northerncomm_33, savingurbuy, trendncelebstore, yaeshop and ydshipping | N/A |
| **eBay** | eBay.com, a San Jose, California-based online marketplace and e-commerce platform owned by eBay Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale and/or sell in what it characterizes as either auction-style or fixed-price formats and ship their retail products, which, upon information and belief, originate from China, among other locations, directly to consumers worldwide and specifically to consumers residing in the U.S., including in New York | N/A |
| **Sealing Order** | Order to Seal File entered on August 14, 2020 | Dkt. 1 |
| **Complaint** | Plaintiffs' Complaint filed on August 14, 2020 | Dkt. 6 |
| **Application** | Plaintiffs' *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on August 14, 2020 | Dkts. 9-12 |
| **Harrs Dec.** | Declaration of Christopher Harrs in Support of Plaintiffs' Application | Dkt. 10 |

i

| **Yamali Dec.** | Declaration of Danielle (Yamali) Futterman in Support of Plaintiffs' Application | Dkt. 9 |
|---|---|---|
| **TRO** | 1) Temporary Restraining Order; 2) Order Restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) Order to Show Cause Why a Preliminary Injunction Should Not Issue; 4) Order Authorizing Bifurcated and Alternative Service; and 5) Order Authorizing Expedited Discovery entered on August 18, 2020 | N/A |
| **PI Show Cause Hearing** | September 8, 2020 hearing to show cause why a preliminary injunction should not issue | N/A |
| **PI Order** | September 8, 2020 Preliminary Injunction Order | Dkt. 14 |
| **User Account(s)** | Any and all websites and any and all accounts with online marketplace platforms such as eBay, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Infringing Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Flutterbye Products** | Hand-held winged toys that are designed to look like fairies. They are motor-controlled and float above users' palms using electrostatic levitation, and each Flutterbye Fairy includes a decorative base | N/A |
| **Flutterbye Works** | U.S. Copyright Registration Nos: VA 1-899-358 covering the Flutterbye packaging artwork, VA 1-861-460 covering the Flutterbye Flying toy figurine, VA 1-901-312 covering the Flutterbye Flower Fairy toy, 1-913-178 covering the Flutterbye Ocean Fairy toy, VA 1-912-815 covering the Flutterbye Sunbeam Fairy toy, VA 1-900-805 covering the Flutterbye Stardust Fairy toy and VA 1-899-356 covering the Flutterbye Fairy instruction manual | N/A |
| **Infringing Products** | Products bearing or used in connection with the Flutterbye Works, and/or products in packaging and/or containing labels and/or hang tags bearing the Flutterbye Works, and/or bearing or used in | N/A |

| | connection artwork that is substantially similar to the Flutterbye Works and/or products that are identical or substantially similar to the Flutterbye Products | |
|---|---|---|
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) | N/A |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants | N/A |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly, by eBay, such as eBay.com, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Infringing Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |
| **Plaintiffs' Motion for Default Judgment** | Plaintiffs' Application for an Order to Show Cause Why Default Judgment and a Permanent Injunction should not be entered Against Defaulting Defendants filed on May 12, 2023 | TBD |
| **Nastasi Aff.** | Affidavit by Gabriela N. Nastasi in Support of Plaintiffs' Motion for Default Judgment | TBD |

This matter comes before the Court by motion filed by Plaintiffs for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' copyright infringement arising out of Defaulting Defendants' unauthorized use of Plaintiffs' Flutterbye Works, without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Infringing Products.[1]

The Court, having considered the Memorandum of Law and Affidavit of Gabriela N. Nastasi in support of Plaintiffs' Motion for Default Judgment, the Certificate of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

### I. Defaulting Defendants' Liability

1) Judgment is granted in favor of Plaintiffs on all claims properly pled against Defaulting Defendants in the Complaint;

### II. Damages Awards

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because it would serve both the compensatory and punitive purposes of the Copyright Act's prohibitions on willful infringement, and because Plaintiffs have sufficiently set forth the basis for the statutory damages award requested in its Motion for Default Judgment, the Court finds such an award to be reasonable and Plaintiffs are awarded Fifty Thousand U.S. Dollars ($50,000.00) in statutory damages ("Individual Damages Award") against each of the Twenty-Two (22)

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

1

Defaulting Defendants pursuant to Section 17 U.S.C. § 504(c) of the Copyright Act, for a total of One Million One Hundred Thousand Dollars ($1,100,000.00), plus post-judgment interest.

### III.    Permanent Injunction

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendants, their respective officers, agents, servants, employees, successors and assigns and all persons acting in concert with or under the direction of Defaulting Defendants (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

   A. reproducing, copying, preparing derivative works of, publicly displaying and/or distributing, transferring and/or selling copies of Plaintiffs' Flutterbye Works through their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Infringing Products, or any other products using the Flutterbye Works and/or works or artwork that are substantially similar to, identical to and constitute an infringement of the Flutterbye Works;

   B. directly or indirectly infringing in any manner any of Plaintiffs' Flutterbye Works;

   C. using any reproduction, copy or colorable imitation of Plaintiffs' Flutterbye Works to identify any goods or services not authorized by Plaintiffs;

   D. using any of Plaintiffs' Flutterbye Works, or any other works that are substantially similar to the Flutterbye Works on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Infringing Products;

E. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Infringing Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to:

  i. Defaulting Defendants' User Accounts and/or Merchant Storefronts;

  ii. Defaulting Defendants' Assets; and

  iii. the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Infringing Products by Defaulting Defendants and by their respective officers, employees, agents, servants and all persons in active concert or participation with any of them; and

F. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Accounts, Merchant Storefronts or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Infringing Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiffs any and all Infringing Products and any other materials in the possession, custody or control of Defaulting Defendants that infringe any of Plaintiffs' copyrights or other rights including, without limitation, the Flutterbye Works, or bear any works that are substantially similar to the Flutterbye Works;

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service Providers are permanently enjoined and restrained from:

3

    A. providing services to Defaulting Defendants and Defaulting Defendants' User Accounts and Merchant Storefronts, including, without limitation, continued operation of Defaulting Defendants' User Accounts and Merchant Storefronts; and

    B. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(3)(A) above.

### IV.  Dissolution of Rule 62(a) Stay

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, the 30 day automatic stay on enforcing Plaintiff's judgment, pursuant to Fed. R. Civ. Pro. 62(a) is hereby dissolved.

### V.  Miscellaneous Relief

1) Defaulting Defendants may, upon proper showing and two (2) business days written notice to the Court and Plaintiff's counsel, appear and move for dissolution or modification of the provisions of this Order;

2) Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

3) The Court releases the Five Thousand U.S. Dollar ($5,000.00) security bond that Plaintiff submitted in connection with this action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 1250, New York, NY 10165; and

4) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

5) Motion (ECF 34) is GRANTED

6) The Clerk shall close the case.

4

**SO ORDERED.**

SIGNED this 26th day of September, 2023, at 6:00 p.m.

_____
HON. P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE

5